possession unless the title had also passed, absolute formal title did not necessarily mark the transaction as a mortgage.

However, when the same question came up as to chattels in cases where the writing contained an absolute transfer, some courts ruled that that transaction also was a pledge. Walker v. Staples, 5 Allen (Mass.) 34; Thompson v. Dolliver, 132 Mass. 103; Copeland v. Barnes, 147 Mass. 388, 18 N. E. 65; Petition of Chattanooga Savings Bank (C. C. A. 6th) 261 Fed. 116. In Wright v. Ross, 36 Cal. 414, the court even went so far as to hold an assignment a pledge which had a defeasance in the body of it. In Gandy v. Collins, 214 N. Y. 293, 108 N. E. 415, the assignment appears to have been absolute and was held to be a mortgage, but that may well have been, and probably was, because the creditor had not taken possession.

[2] It seems to me very difficult to find any rule which the cases will bear out, and the whole matter floats nebulously in that fog, "the intent of the parties," out of which courts are so apt to evoke what they most want. Still I suppose that we may use only the words of the parties themselves, and in the case at bar I find it pretty difficult to see how they could have been more definite in making this a mortgage. It is true the language is inartificial, but the defeasance clause is present as clearly as though it had been drawn by a conveyancer. It is, of course, possible always to say that, when possession is delivered at the time of execution, the transaction is a pledge. That would be a clear rule, but it would not be true. Unless one is prepared to go so far, I cannot see anything but the hardship of the result, which should move me to ignore the form in which these parties chose to express their purposes.

The cases cited, except those I have mentioned, do not seem to me in point. Sheldon v. McFee, 216 N. Y. 618, 111 N. E. 220, and Dickinson v. Oliver, 195 N. Y. 238, 88 N. E. 44, contain some language which might be thought to help the trustee; but the point here at bar was not in the court's mind, and they amount to nothing.

Order affirmed; petition to review dismissed.

―――――――――

### In re GERMAN PUBLICATION SOC., Inc.

### In re CROMBIE & LAMOTHE, Inc.

(Circuit Court of Appeals, Second Circuit. · March 19, 1923.)

#### No. 228.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the German Publication Society, Inc. Petition to review decision of referee adverse to Crombie & Lamothe, Inc., was dismissed (289 Fed. 509), and petitioner appeals. Affirmed.

Shaine & Weinrib, of New York City (Edward C. Weinrib, of New York City, of counsel), for appellant.

Boardman Wright, of New York City, for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. Order affirmed, with costs.